. Lucina W. Trull *vs.* John F. Trull & another.

If an executor misapplies the funds of his testator's estate, and invests the same in purchasing a share of a patent right and of the business of manufacturing a patented article, from one who knows that the purchase is made with the funds of the estate, the residuary legatee under the will may maintain a bill in equity against the seller, to compel the repayment of the money so received by him.

Chapman, J.   This was a bill in equity brought to charge the defendants personally for assets held by the defendant Trull, as executor of the will of his wife, and by him, with the privity and participation of the other defendant, Tower, misapplied and lost to the estate.   It appears by the evidence reported in the case that Trull, who is the. father of the plaintiff, as such executor, received certain personal estate which was bequeathed to the plaintiff, who was the residuary legatee of the estate, and to whom a specific legacy of $2000 was also given.   The testatrix directed that no bonds should be required of him, and he has given none.

It appears that he invested some of the property which he thus held in the purchase of an undivided half of certain stock on hand, books of account, machinery, fixtures, &c., which the defendant Tower then had invested in carrying on the business of manufacturing corks, and also in the purchase of one half of a patent right which the defendant had for wiring corks, and entered into partnership with Tower in the said business, under the name of the American Cork Company.

It appears that Tower had notice that the funds thus invested in the business by Trull were the funds which he held as aforesaid in trust for the plaintiff.   It was a notice sufficient to put him upon inquiry.   What is sufficient notice for this purpose has been recently considered in the case of *Bancroft* v. *Consen, ante*, 50.

It appears that Trull made this investment without the consent or knowledge of the plaintiff; and that, when she had sufficient notice of the fact to put her upon inquiry, she did inquire

into the matter, and without any delay or laches commenced this suit.

Those who receive trust property from a trustee, in breach of his trust, become themselves trustees, if they have notice of the trust. This general doctrine has been applied to a great variety of cases. The authorities cited on behalf of the plaintiff are full and satisfactory in respect to it.[*]

Tower is therefore liable equally with Trull, and the amount which has come into the hands of the firm for which they are jointly liable is $2259.39; and the plaintiff is entitled to a decree for this amount, with interest from the filing of the bill, and costs.

*R. Olney*, for the plaintiff.
*J. L. Newton*, for the defendant Tower.

---

[*] *Walker* v. *Taylor*, 8 Jur. (N. S.) 681. *Downes* v. *Power*, 2 Ball & Beat. 491. *Wilson* v. *Moore*, 1 Myl. & K. 126. *Adair* v. *Shaw*, 1 Sch. & Lef. 243, 262. *Morgan* v. *Stephens*, 3 Giff. 226. *Hubbell* v. *Currier*, 10 Allen, 333 *Belknap* v. *Belknap*, 5 Allen, 468.